**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY STEPNEY-BEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-3298-L (BF) |
| | § | |
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION, AS TRUSTEE FOR** | § | |
| **OPTION ONE MORTGAGE LOAN** | § | |
| **TRUST 2007-FXD2, ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2007-FXD2,** | § | |
| **ET AL.,** | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. The Magistrate Judge now recommends that Plaintiff Larry Stepney-Bey's claims against Defendants Mackie Wolf Zientz & Mann P.C., Carl Niendorff, L. Keller Mackie, Michael W. Zientz, Wes Webb, Ron Bedford, Tracey Midkriff, Kristen Wall, Donna Stockman, David Stockman, Kendra Wiley, Lori Liane Long, and Israel Saucedo be dismissed without prejudice for failure to effect timely service on these defendants.

**Legal Standards and Analysis**

Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within 120 days after removal, unless good cause is shown for failing to effect service within that time period. *See* FED. R. CIV. P. 4(m) (stating that plaintiff has 120 days

after complaint is filed to effect service on defendant); *see also Hunt v. Smith*, 67 F. Supp. 2d 675 (E.D. Tex. 1999) (stating that when a case has been removed, the 120 days in which to accomplish service of summons under Rule 4(m) runs from the day of removal, not from the date of filing the original petition); *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995) (same). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir.1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman*, 897 F. Supp. at 959 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

In addition, Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that a plaintiff file a valid return of service with the court or otherwise show that each defendant has been served. *See* L. Civ. R. 4.1. If a plaintiff fail to do so, his claims against any unserved defendant may be dismissed without prejudice. *Rochelle v. Aurora Loan Servs., LLC*, No. 3:12-CV-2262-K-BF, 2012 WL 6592611, at *1 (N.D. Tex. Nov. 30, 2012), *rec. adopted*, 2012 WL 6592590 (N.D. Tex. Dec. 17, 2012); *Williams v. Credit Prot. Ass'n Trans Union, LLC*, 3:09-CV-1146-L, 2009 WL 4249251, at *1 (N.D. Tex. Nov. 24, 2009),

Defendants Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2007-FXD2, Asset-Backed Certificates, Series 2007-FXD2 and Ocwen Loan Servicing, LLC removed this civil action to federal court on September 12, 2014. At that time, there was no

indication that Plaintiff Larry Stepney-Bey had served any of the following defendants: Mackie Wolf Zientz & Mann P.C., Carl Niendorff, L. Keller Mackie, Michael W. Zientz, Wes Webb, Ron Bedford, Tracey Midkriff, Kristen Wall, Donna Stockman, David Stockman, Kendra Wiley, Lori Liane Long, or Israel Saucedo (collectively, the "Unserved Defendants"). After more than 120 days had passed and Plaintiff still had not filed a valid return of service for any of the Unserved Defendants, the court issued an order directing Plaintiff to show cause for his failure to comply with the service requirements of Rule 4(m). *See* Show Cause Order dated 5/8/15. The show cause order expressly warned Plaintiff that the Magistrate Judge would recommend to the District Court that this action be dismissed as to those Unserved Defendants unless Plaintiff demonstrated good cause for failing to serve the identified defendants.

As of this date, Plaintiff has not complied with Rule 4(m) or Local Civil Rule 4.1 by serving the Unserved Defendants and filing proof of service. Nor has he shown good cause for his failure to serve the Unserved Defendants. Indeed, Plaintiff has not responded to the show cause order at all. Accordingly, the District Court should *sua sponte* dismiss without prejudice all of Plaintiff's claims against each of the Unserved Defendants.

## RECOMMENDATION

The District Court should *sua sponte* dismiss without prejudice pursuant to Fed. R. Civ. P. 4(m) all of Plaintiff's claims against Mackie Wolf Zientz & Mann P.C., Carl Niendorff, L. Keller Mackie, Michael W. Zientz, Wes Webb, Ron Bedford, Tracey Midkriff, Kristen Wall, Donna Stockman, David Stockman, Kendra Wiley, Lori Liane Long, and Israel Saucedo.

SO RECOMMENDED, May 26, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).