IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY STEPNEY-BEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-3298-L (BF) |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| OPTION ONE MORTGAGE LOAN | § | |
| TRUST 2007-FXD2, ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-FXD2, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2007-FXD2, Asset-Backed Certificates, Series 2007-FXD2 ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen") have filed a joint motion for summary judgment in this removed civil action brought by Plaintiff Larry Stepney-Bey arising out of foreclosure proceedings initiated against his home in Lancaster, Texas (the "Property"). Succinctly stated, Plaintiff alleges that Defendants wrongfully threatened to conduct a foreclosure sale of the Property on August 5, 2014. Def. Rem. Not., Exh. C-1, Pl. Pet. at 5-6, ¶¶ 11, 12, 16, 17.[1] According to Plaintiff, Wells Fargo and Ocwen lack authority to foreclose on the Property because neither of them is the original mortgage lender that provided the purchase money loan for his acquisition of the Property. *Id*. at 5-6, ¶¶ 9, 13

---

[1] The operative pleading in this case is Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction filed in Texas state court on July 30, 2014. Defendants timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1441(a) & 1332(a)(1).

1

& 7, ¶ 18.  He demands that Defendants produce "the one and only Original Promissory Note" and any alleged assignments or allonges to the note prior to proceeding with any foreclosure sale.  *Id.* at 8, ¶ 23.  Plaintiff further contends that Defendants' attempts to foreclose on the Property constitute violations of the Texas Debt Collection Practices Act ("TDCPA"), including sections 392.301, 392.303, and 392.304 of the Texas Finance Code.  *Id.* at 7, ¶¶ 19-22.  By this lawsuit, Plaintiff seeks (1) a declaration that Defendants' foreclosure efforts are fraudulent and unconscionable; (2) an injunction to prohibit any foreclosure; and (3) damages for violations of the TDCPA.  *Id*. at 7-10, ¶¶ 22, 24-25, 27, 33-37.  Wells Fargo and Ocwen move for summary judgment as to all of Plaintiff's claims and causes of action on grounds that there is no genuine fact issue that they have authority to foreclose on the Property pursuant to a valid lien.  Plaintiff failed to file a written response to the summary judgment motion.  Accordingly, the court considers the motion without the benefit of a response.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The substantive law determines which facts are material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial.  *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).  Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper.  *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  All evidence must be viewed in the light most

favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

Plaintiff filed this lawsuit on July 30, 2014 to forestall a foreclosure sale of the Property scheduled for August 5, 2014. *See* Pl. Pet. at 2. The gravamen of all of Plaintiff's claims is that Wells Fargo and Ocwen lack authority to pursue foreclosure of the Property because neither of them is the legal owner or holder of his mortgage note. According to Plaintiff, only "Charter Mortgage," the original lender that provided the purchase money loan for his acquisition of the Property on February 6, 1996, has the authority to foreclose on his home. *Id*. at 5-6, ¶ 13. Defendants, however, do not seek to enforce the 1996 purchase money note. Instead, Wells Fargo and Ocwen seek to enforce the note representing a home equity loan made to Plaintiff in 2006, which is also secured by the Property. Def. MSJ Br. at 4, 5-6.

The undisputed summary judgment evidence establishes that in addition to the purchase money loan, Plaintiff obtained a home equity loan from Heartland Lenders, LLC ("Heartland") on or about August 2, 2006. Def. MSJ App., Ex. A at 2-3, ¶ 6. In connection with that transaction, Plaintiff executed a fixed rate, first lien Texas Home Equity Note payable to Heartland ("Home Equity Note") and a Texas Home Equity Security Instrument ("Deed of Trust") granting Heartland a security interest in the Property. *See id.* & Ex. A-1, A-2. Heartland subsequently assigned the Deed of Trust to Option One Mortgage Corporation ("Option One"), and the assignment was duly recorded in the Dallas County, Texas real property records. *See id*. at 3, ¶ 7 & Ex. A-3. Option One in turn assigned the Deed of Trust to Wells Fargo on March 1, 2007, which assignment was also

3

recorded in the Dallas County property records. *See id.*, ¶ 8 & Ex. A-4.[2] Plaintiff defaulted on his obligations under the Home Equity Note on or around September 1, 2011. *See id.* at 3, ¶ 9. Ocwen became Plaintiff's loan servicer on March 1, 2013. *Id.* at 3-4, ¶ 10 & Ex. A-8. On February 14, 2014, Wells Fargo, through Ocwen, filed an application in the 44th Judicial District Court of Dallas County for an order allowing foreclosure under Rule 736 of the Texas Rules of Civil Procedure.[3] *Id.*, Ex. A at 4, ¶ 11 & Ex. A-9. The state court granted the application on June 5, 2014, *id.* & Ex. A-10, and the foreclosure sale was scheduled for August 5, 2014, *id.* at 4, ¶ 12 & Ex. A-11.

Under Texas law, either a mortgagee or a mortgage servicer may administer a foreclosure proceeding. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(A)-(C). A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." TEX. PROP. CODE § 51.0001(3). Here, the undisputed evidence shows that Wells Fargo is the last person to whom the Deed of Trust has been assigned of record. *See* Def. MSJ App., Ex. A-4. Wells Fargo is thus a statutory mortgagee entitled to foreclose on the Property. *Hull v. Ocwen Loan Servicing, LLC*, No. 3:12-CV-1098-M-BF, 2014 WL 684955, at *3 (N.D. Tex. Feb. 20, 2014). The evidence further establishes that Ocwen is the mortgage servicer for the 2006 home equity loan and that it was the last party to which Plaintiff was

---

[2] The operative assignment to Wells Fargo is a "Corrective Assignment of Deed of Trust" that replaces an earlier recorded assignment that misidentified the assignor and the assignment effective date. *See* Def. MSJ App., Ex. A at 3, n.1; *compare id.*, Ex. A-4 & Ex. A-5.

[3] Home equity loans in Texas may be foreclosed only by a court order. *See* TEX. CONST., art. XVI, § 50(a)(6)(D); TEX. R. CIV. P. 735. Rule 736 of the Texas Rules of Civil Procedure sets forth the procedures and requirements for seeking an expedited order of foreclosure of a home equity loan. *See* TEX. R. CIV. P. 736.

instructed to send payments. Def. MSJ App., Ex. A at 3-4, ¶ 10 & Ex. A-8. Ocwen therefore has authority to foreclose on the Property. TEX. PROP. CODE § 51.0025 (providing that mortgage servicer may administer the foreclosure of property on behalf of a mortgagee).

Defendants also have submitted a true and correct copy of the original Home Equity Note executed by Plaintiff as evidence in support of their summary judgment motion. *See* Def. MSJ App., Ex. A-1. The Home Equity Note reveals that it was indorsed by Heartland, the original lender, to Option One, and then by Option One in blank. *Id.* The affidavit of Kevin Flannigan, a senior loan analyst employed by Ocwen's parent company, Ocwen Financial Corporation, plainly states that Wells Fargo has possession of the original Home Equity Note indorsed in blank. *Id.*, Ex. A at 3, ¶ 8. In Texas, physical possession of a note that bears a blank indorsement establishes ownership and the right to collect. *See* TEX. BUS. & COM. CODE § 3.205(b) (Vernon 2002) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") & *id.* § 1.201(b)(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."). The evidence that Wells Fargo holds the Home Equity Note indorsed in blank establishes that it is the legal owner of the Home Equity Note and is entitled to collect on it. *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331-32 (5th Cir. 2012); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 860 (N.D. Tex. 2013), *aff'd*, 2014 WL 1410324 (5th Cir. Apr. 14, 2014).

Contrary to Plaintiff's assertions, Defendants are not required to produce the original Home Equity Note to establish their authority to foreclose. The so-called "show-me-the-note" theory has been definitively rejected. *See, e.g., Martins*, 722 F.3d at 254; *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *rec. adopted*,

2012 WL 556055 (N.D. Tex. Feb. 21, 2012) ("[T]he Texas Property Code does not require a mortgagee or mortgage servicer to produce the original Note or Deed of Trust before conducting a nonjudicial foreclosure sale."). As there is no genuine dispute that Wells Fargo and Ocwen have authority to enforce the Home Equity Note secured by the Deed of Trust and foreclose on the Property, Defendants are entitled to summary judgment on Plaintiff's claims for declaratory and injunctive relief.

Defendants are also entitled to summary judgment on Plaintiff's claims under the TDCPA which are based on threats and misrepresentations allegedly made by Defendants regarding their authority to conduct the foreclosure sale. Plaintiff does not point to any specific threats, prohibited actions, or false and deceptive statements by Defendants that violate the TDCPA. His vague and conclusory allegations that Defendants lack authority to foreclose are insufficient to raise a genuine issue of material fact. *See Starling v. JPMorgan Chase Bank, N.A.*, No. 3:13-CV-777-M-BN, 2013 WL 4494525, at *6 (N.D. Tex. Aug. 22, 2013) (plaintiff's TDCPA claims based on flawed theory that defendants lacked authority to foreclose fail as a matter of law); *Green v. Bank of Am., N.A.*, No. 4:13-CV-92, 2013 WL 6178499, at *8 (E.D. Tex. Nov. 25, 2013) (same).

## RECOMMENDATION

The District Court should GRANT the Motion for Summary Judgment (Doc. 9) filed by Wells Fargo and Ocwen and DISMISS with prejudice all of Plaintiff's claims and causes of action against these defendants.

SO RECOMMENDED, May 26, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).